UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY LOUIS BERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-685 RLW |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Gary Louis Berry brings this action for alleged violations of his civil rights.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 2.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter.  *See* 28 U.S.C. § 1915(a)(1).  Furthermore, after reviewing the pleadings, the Court will dismiss this case for failure to state a claim upon which relief may be granted and for frivolity.  *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered

within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke,* 490 U.S. at 327). Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

**The Complaint (ECF No. 1)**

Self-represented Plaintiff brings this action for "deprivation of rights under color of law" based on "42 U.S.C. Section 1983, 1985[,] 1986[,] 1988 and 18 USC 241 and 242." ECF No. 1 at 1. Plaintiff names six defendants: (1) City of St. Louis; (2) Tishaura Jones (Mayor of St. Louis); (3) Geoffrey Rose (St. Louis law enforcement officer); (4) First Unknown Officer (St. Louis law enforcement officer); (5) Benjamin Ellerman (St. Louis law enforcement officer); and (6) Second Unknown Officer (St. Louis law enforcement officer). *Id.* at 2. Plaintiff does not specify the capacity in which he brings suit against any of the defendants.

Plaintiff's complaint is based on his assertion that defendants deprived him of his "right to travel in his private automobile," in connection with multiple traffic stops in the City of St. Louis. *Id.* at 2-4, 6. According to Plaintiff, the first in this series of stops occurred on December 16, 2019, when his car was pulled over by defendant St. Louis police officers Geoffrey Rose and First Unknown Officer. *Id.* at 2, 7-8. Plaintiff informed the officers that he did not have a driver's license. One of the officers instructed Plaintiff to get out of the automobile. When Plaintiff did, he was handcuffed and searched. Plaintiff's automobile was also searched. One of the officers questioned Plaintiff about being a "sovereign citizen," but Plaintiff did not reply. After the officers confirmed that Plaintiff had no warrants, they told him that he would receive a citation in the mail; they removed a "declaration" that was secured to the back of Plaintiff's automobile; and they directed Plaintiff not to reattach the declaration. Plaintiff alleges that his wallet was not returned to him after this incident and when he inquired about it a few days later at the police station, he was told that it was put on top of his car and he must have lost it. Plaintiff asserts that he never received any traffic citations in the mail related to this stop. *Id.* at 2-3.

Approximately fourteen months later, in February 2021, Plaintiff's automobile was stopped by law enforcement officers (who do not appear to be named defendants in this suit) due

to a broken brake light.  Plaintiff told the officers he did not have a driver's license, but he did give them an "old driver license from 2014."  The officers informed Plaintiff that he had warrants but they let Plaintiff go with no citation.  *Id.* at 3.

About seven weeks later, Plaintiff was stopped again due to the broken brake light.  It is not entirely clear from the complaint, but it appears that the officers involved in this stop were defendants Benjamin Ellerman and Second Unknown Officer.  Plaintiff informed the officers that he did not have a driver's license but he did provide a "temporary Illinois State ID."  Plaintiff received "5 or 6 citations," was informed that he had warrants, and was allowed to leave.  *Id.*

After this encounter, Plaintiff called a local police station and confirmed that he did have warrants.  As such, Plaintiff went to Traffic Court to get copies of his citations.[1]  The citations were from the December 16, 2019, traffic stop, but Plaintiff "had no idea that [they] existed" because he never received them in the mail.  According to Plaintiff, he was cited for not having insurance and license plates, but not for his lack of a driver's license.  Plaintiff also alleges that the time and date on the citations were incorrect.  The Court Clerk offered "to remove the warrants and give [Plaintiff] a new court date," but Plaintiff "respectfully declined."  *Id.* at 3-4.

Soon after receiving copies of the citations, Plaintiff communicated with then-Mayor Krewson's office through a "private administrative process" sent by certified mail.  *Id.* at 4.  Plaintiff does not explain what he said in this communication, only that he was "hoping to resolve this matter."  About a month later, Plaintiff followed up with the Mayor's office by phone call and he was informed that his communication was sent to the legal department.  Around this same time, defendant Tishaura Jones became the new Mayor of the City of St. Louis.  Plaintiff emailed Mayor

---

[1]In his complaint, Plaintiff states that he went to Traffic Court on February 16, 2021; however, in his amended complaint he clarifies that he actually went in April 2021.  ECF Nos. 1 at 3; 6 at 4.

Jones and asked for "SOMEONE from her office to contact [Plaintiff] about the issue." When Plaintiff followed up a few weeks later, he was told to "go ahead and file [his] lawsuit." *Id.*

According to Plaintiff, a "Driver License is a Contract" and when he enters into this contract with the government, he is required "to give up [his] Right to Travel in exchange for The Privilege to Drive." *Id.* at 5. Plaintiff will not consent to this, so he will not get a driver's license. Plaintiff argues that the "Right to Travel is well-settled and the Right is not one the government can give nor take away. The Right is inherent from God not from government or man." *Id.*

Plaintiff asserts that defendant City of St. Louis has violated his constitutional rights by having a municipal policy, custom, or practice of "issu[ing] citations for not having driver license's, no registration [and] no insurance," and for establishing "a traffic court to collect fines, fees and other penalties." *Id.* at 4. Plaintiff also alleges the City has failed to train its law enforcement officers on his rights regarding travel, specifically that it is "voluntary to be a[]part of the [driver's license] contract." *Id.* at 5. Plaintiff accuses the City of being fraudulent, deceitful, and in breach of the oath of office when they do not disclose rights of travel to all inhabitants of the City. *Id.* at 5-6. Furthermore, Plaintiff alleges defendant City has caused him emotional distress, mental anguish, and fear regarding future encounters with law enforcement officers "whereas African American male[s] are getting killed in traffic stop[s] regularly across this country." Finally, Plaintiff accuses the City of: "Slavery (Force Compliance to contract no held)." *Id.* at 6.

Similarly, Plaintiff asserts that defendant Mayor Jones breached her duty and "Oath of Office to [s]upport the US Constitution" when she fraudulently concealed "material facts that the Driver Licenses is a voluntary contract and that it is not required," just like "License Plates." *Id.* at 6-7. Plaintiff further alleges that defendant Mayor Jones has accepted "any liability concerning

[his] claim" by her silence and lack of response to Plaintiff's email. *Id.* at 6. Plaintiff also blames Mayor Jones for emotional distress and accuses her of forced slavery. *Id.* at 7.

Plaintiff alleges that the officers involved in the December 2019 traffic stop, Rose and First Unknown Officer, conspired to deprive him of his right to travel; seized his property (the declaration on the back of his automobile) in violation of the Fourth Amendment and destroyed it; illegally placed him in handcuffs and searched him and his property; used excessive force on him, including threats and intimidation; violated his First Amendment right to free expression; breached their oath; and forced slavery on him. In addition, Plaintiff alleges Officer Rose denied him due process by not giving him the citations immediately and by falsifying a document. *Id.* at 7-8.

It is not entirely clear from the complaint, but it appears defendant police officers Ellerman and Second Unknown Officer were involved in the third traffic stop where Plaintiff received "5 or 6 citations." *Id.* at 8. Plaintiff alleges these officers conspired to deprive him of his right to travel; illegally seized his property in violation of the Fourth Amendment; violated his First Amendment right to freedom of expression; breached their oath; and forced his compliance or slavery. *Id.*

The remainder of Plaintiff's complaint appears to be legal argument based on a list of legal citations with brief summaries. *Id.* at 9-11. First, Plaintiff acknowledges a state's authority, based on the Tenth Amendment's police power, "to place restraints on the personal freedom and property rights of persons for the protection of the public safety, health and morals or the promotion of the public convenience and general prosperity." *Id.* at 9. Plaintiff then reminds the Court of the "general rule" that "[i]f the constitution prescribes one rule, and the statute another, … it is the duty of the court to declare that the constitution and not the statute governs." *Id.* at 10. Next, Plaintiff quotes the United States Constitution ("No Bill of Attainder or ex post facto Law shall be passed") and declares "traffic tickets are unconstitutional." U.S. Const. Art. 1 § 9; *Id.* He cites a 1943 Supreme Court case, *Murdock v. Commonwealth of Pennsylvania,* which addressed the

"single issue [of] the constitutionality of an ordinance which as construed and applied requires religious colporteurs to pay a license tax as a condition to the pursuit of their activities." 319 U.S. 105, 110 (1943). Plaintiff suggests he is quoting *Murdock* for the rule that: "no state may convert any secured liberty into a privilege and issue a license and a fee for it;" however, this quotation does not appear in that case. *Id.* at 10. Plaintiff then cites multiple cases, attempting to argue that when a law infringes one's constitutional rights, the law is null and void and a person has impunity to just ignore it. *Id.* at 11. Finally, Plaintiff points to *Shapiro v. Thomson*, 394 U.S. 618 (1969), which he describes as having "settled the matter [of] the right to [] travel." *Id.* at 4, 11. According to Plaintiff, a private citizen's right to travel for non-commercial purposes cannot be infringed by the requirement of a license. *Id.* at 11.

For relief, Plaintiff seeks declaratory judgment, injunctive relief, and 10 million dollars in damages. *Id.* at 12; ECF No. 1-2 at 1.

### The Amended Complaint (ECF No. 6)

About two months after initiating this suit, Plaintiff submitted an amended complaint[2] which makes the same legal arguments but includes one additional defendant and allegations regarding a fourth traffic stop that occurred subsequent to the filing of the complaint. ECF No. 6. Plaintiff names City of St. Louis law enforcement officer Joshua Loos as the seventh defendant, claiming Loos violated the same rights as the other named defendant officers. *Id.* at 2, 9. Plaintiff was pulled over a fourth time on July 21, 2021. *Id.* at 4. Plaintiff informed the officer that he did not have a driver's license but he produced his "old temporary Illinois state ID." The officer gave Plaintiff "5 or 6 citations," which Plaintiff told him he would add to this lawsuit. *Id.* The Court

---

[2]Attached to the amended complaint are two proposed orders: (1) granting Plaintiff *in forma pauperis status* and directing service on defendants and (2) allowing Plaintiff to amend his complaint. The Court notes that Plaintiff may amend as a matter of course under Federal Rule of Civil Procedure 15, so no order granting amendment is required. This Order rules Plaintiff's *in forma pauperis* motion but dismisses the case so no service will be issued.

presumes that defendant Loos was involved in this fourth traffic stop; however, Plaintiff never specifically alleges this.

Plaintiff's amended complaint also contains additional legal citations and attempts to clarify previously made arguments. Plaintiff specifies that his fraud claims are based on "Title 18 USC 1001" and his breach of oath of office claims are based on "Title 5 § 3331." *Id.* at 7. He also clarifies that a 'traffic ticket' is "a Writ of Assistance otherwise known as a Bill of Attainder." *Id.* at 10. Plaintiff makes additional arguments concerning the supremacy of constitutional rights and a person's unlimited power to contract. *Id.* at 11. Finally, Plaintiff quotes passages from the statutes under which he brings suit. *Id.* at 12-14.

### Motion for Civil Injunction (ECF No. 7)

Plaintiff filed two motions with his amended complaint. In the first, Plaintiff seeks a civil injunction from the Court, under 18 U.S.C. § 1595A, prohibiting the "Defendants from further interaction with [Plaintiff] when in his automobile, from issuing citations, false arrest, intimidation, [and] warrants." ECF No. 7 at 2. Plaintiff argues that such injunction is necessary because he has received "about 15 citations" from Defendants during traffic stops and the repeated citations are just an attempt to try "to force [him] into a fraudulent transaction and contract. (Slavery)." *Id.* at 1. Plaintiff fears that the illegal traffic stops will "escalate into serious injury or kidnapping or death." *Id.*

### Motion for Order to Show Cause (ECF No. 8)

In the second motion, Plaintiff requests the Court to show cause as to why his complaint has not proceeded since its filing with this Court. ECF No. 8 at 3, 7. Plaintiff is "suspicious" that the Court is improperly handling his case because when he informed defendant officer Loos that he would be adding Loos to his lawsuit, Loos stated that the suit would be dismissed. *Id.* at 2. Furthermore, Plaintiff states that he is "fearful to get into his automobile in fear of another illegal

traffic stop." *Id.* Plaintiff also wants an "Anti-bribery statement" and to have his motion set for a hearing. *Id.* at 7.

**Discussion**

Accepting self-represented Plaintiff's well pled allegations as true and liberally construing them in his favor, the Court must dismiss this case for frivolity and failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

First, Plaintiff's right-to-travel argument lacks a basis in law and is frivolous. Although Plaintiff would not respond to the defendant police officer who questioned him on his status as a "sovereign citizen," Plaintiff's arguments are the same as those made by parties in other cases claiming such status. *See Bey v. Elmwood Place Police Dep't*, No. 17-3945, 2018 WL 4354541, at *1 (6th Cir. May 18, 2018) (describing plaintiff who alleged "denial of the right to travel" as advancing "arguments rooted in the theories of the sovereign citizen movement"); *U.S. v. Svoboda*, 633 F.3d 479, 483 (6th Cir. 2011) (plaintiff learned in the "Sovereign Citizens Movement" that the right to travel is a "God given right" and that licenses only applied to "public officials or corporations.").

Courts have routinely denied sovereign citizen claims based on a right to travel. *See Hyppolite v. Broward Sheriff's Off.*, No. 16-6125-Civ-COOKE/TORRES, 2017 WL 2691978 (S.D. Fla. June 22, 2017) (rejected argument of plaintiff pulled over for speeding who claimed that as a "traveler" he did not need a driver's license); *Secor v. Okla.*, No. 16-CV-85-JED-PJC, 2016 WL 6156316 (N.D. Okla. Oct. 21, 2016) (dismissed sovereign-citizen plaintiff's suit for failure to state a claim that included allegations he was not required to have a driver's license and automobile insurance); *Matthews v. U.S.*, No. 3:16cv00148, 2016 WL 2624974 (S.D. Ohio May 9, 2016) (dismissed "sovereign freeman" plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B) that arose from a traffic stop resulting in multiple citations including driving with an expired driver's license).

Despite Plaintiff's argument otherwise, Supreme Court jurisprudence does not support an unfettered right to travel. Although the Court did discuss the right to travel in *Shapiro v. Thompson*, 394 U.S. 618 (1969), the Court explained the limitations on that right in another case:

> The movement of motor vehicles over the highways is attended by constant and serious dangers to the public … In the absence of national legislation covering the subject, a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles … And to this end it may require the registration of such vehicles and the licensing of their drivers … This is but an exercise of the police power uniformly recognized as belonging to the states and essential to the preservation of the health, safety, and comfort of their citizens.

*Hendrick v. State of Maryland*, 235 U.S. 610, 622 (1915).

Plaintiff argues that he suffered multiple "illegal" traffic stops that were not based "on any traffic infraction or suspicious activity." ECF No. 6 at 15. However, Plaintiff admits to driving on public streets without a valid driver's license. He was cited for driving without insurance or license plates, and he does not contest these accusations. Plaintiff also argues that state licensing laws are racially focused and discriminatory. ECF No. 8 at 3 ("The fact that African American[]s need to give their Blood and life endlessly to get justice seems egregious.").

The foundation of Plaintiff's claim is that he has been deprived of his right to travel. As discussed above, this legal argument lacks a basis in law and, therefore, is frivolous. *See Neitzke*, 490 U.S. at 325 (An action is frivolous if it "lacks an arguable basis either in law or in fact."). Plaintiff has no unfettered right to travel without a license or registration. A state may require a license, registration, or other documentation, and the right to travel does not protect citizens from being stopped by police officers for driving without the required documentation. State licensing and registration laws apply to everyone regardless of race. Plaintiff's claims are legally frivolous.

Second, this case is subject to dismissal for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. Plaintiff does not specify the capacity in which he brings suit

against the defendants.³  A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both.  *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).  However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id.*; *see also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity").

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself."  *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer."  *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, plaintiff's official capacity claims against the individual defendants are actually claims against their employer, the City of St. Louis.

---

³Plaintiff does not expressly and unambiguously state the capacity in which he brings suit against the defendants.  *See* ECF No. 6 at 2.  However, for the five police officer defendants, Plaintiff states that they were "acting under color of law and in the course and scope of [their] employment as a law enforcement officer with the City of Saint Louis at all times material." *Id.*  This implies that Plaintiff brings his claims against these individuals in their official capacity as police officers.

A governmental entity like the City of St. Louis can be sued directly under § 1983.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  Liability under § 1983 may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise.  *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

Plaintiff asserts that the City has an unconstitutional policy and practice of issuing traffic citations for not having a driver's license, registration, or insurance, and that the City has failed to train its police officer employees that this policy and practice is unconstitutional.  ECF No. 6 at 5-7.  These claims fail to state a claim upon which relief can be granted.  As discussed above, licensing and registration of automobiles is not unconstitutional, and police officers are acting within their duties when enforcing such legislation.  Plaintiff's claims against defendant City of St. Louis do not survive review under 28 U.S.C. § 1915(e)(2)(B).

Finally, to the extent that Plaintiff seeks a ruling that his state-issued traffic citations are invalid and should be disregarded, such a § 1983 claim is not cognizable here.  "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Based on the pleadings, Plaintiff's traffic citations have not been vacated, set aside, or otherwise altered.  As such, there is no cognizable § 1983 claim here.

**Conclusion**

Plaintiff has no unfettered right to travel on public roadways without compliance with licensing and registration laws enacted for public safety.  Actions taken by the City of St. Louis

and its employees to enforce such laws are not unconstitutional. This case will be dismissed for failure to state a valid claim for relief and for being frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants City of St. Louis, Tishaura Jones, Geoffrey Rose, First Unknown Officer, Benjamin Ellerman, Second Unknown Officer, and Joshua Loos are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for civil injunction [ECF No. 7] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for Order to Show Cause [ECF No. 8] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of September, 2021.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**