## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| GARY LOUIS BERRY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-CV-685 RLW |
| CITY OF ST. LOUIS, et al., | ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This closed matter is before the Court on self-represented Plaintiff Gary Louis Berry's "Motion to Objection to Judges Order [-] Claimant Requires this Court to take Judicial Notice and for Clarification in Order(s)." ECF No. 11. For the reasons discussed below, Plaintiff's motion will be denied.

### **Background**

Plaintiff filed a complaint in this matter based on the assertion that defendants deprived him of his "right to travel in his private automobile," in connection with multiple traffic stops in the City of St. Louis. ECF No. 1 at 2-4, 6. Plaintiff admitted to driving on public streets without a valid driver's license and he did not contest that he was driving without insurance or vehicle license plates. The Court found that Plaintiff's right-to-travel argument lacked a basis in law and was legally frivolous. ECF No. 9 at 9-10. The Court also found Plaintiff's allegations failed to state a valid claim that the City of St. Louis had an unconstitutional policy or practice, or that it failed to train its police officers. *Id.* at 10-12. As such, on September 15, 2021, the Court dismissed this civil action for failure to state a claim and for being legally frivolous, under 28 U.S.C.

§ 1915(e)(2)(B).  ECF Nos. 9-10.  Plaintiff refused "for cause" receipt by mail of the dismissal orders because he alleges that "fraudulent claims [were] made by the judge."  ECF Nos. 12-13.

## Motion Pending Before the Court

Plaintiff's current motion before the Court objects to the Court's dismissal based on Federal Rule of Civil Procedure 46 and asks that this civil action be allowed to proceed.  ECF No. 11 at 1, 4.  Plaintiff states that the Court has defamed and slandered him by suggesting that his arguments sound like those made by sovereign citizens.  *Id.* at 1.  Plaintiff argues that the Court misrepresented cases cited by Plaintiff in his complaint.  Plaintiff attached "NH / HB1778 / 2018," which he describes as "Text from New Hampshire Bill," in support of his motion.  *Id.* at 2.  According to Plaintiff, this Bill "stands as evidence and testifies against the associations, agencies, and corporate franchise creatures of the state as having enslaved the commercial person through the systematic **adhesion contracts** of silent deception and inducement by fraud."  *Id.* at 3 (emphasis in original).  Plaintiff asserts that if this Court disagrees with this New Hampshire Bill then it is "operating outside its jurisdiction and oath of office."  *Id.*

## Discussion

Plaintiff's motion will be denied.  Federal Rule of Civil Procedure 46 – under which Plaintiff states that he brings his motion – allows for objections to rulings or orders during a trial. The Rule is not applicable in this context, as this case was dismissed on initial review under 28 U.S.C. § 1915.

To the extent that Plaintiff's motion could be interpreted as one seeking the relief of reconsideration of the dismissal in this matter, it will also be denied.  Motions for reconsideration are commonly brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason).  Fed. R. Civ. P. 59(e), 60(b).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. District courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking

reconsideration of merits arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After reviewing the arguments made by Plaintiff in his motion, the Court finds that there are no grounds for granting relief under either Rule 59(e) or 60(b). Plaintiff states that the Court would be acting outside its jurisdiction if it does not follow statements made in "HB 1778." Based on the attachments provided by Plaintiff, "HB 1778" was a proposed bill in the State of New Hampshire in 2018. ECF No. 11 at 5-57. It was never passed into law and there were "[m]any questions about [its] legality." *Id.* at 15-20. The text of a proposed state bill is not controlling authority in this Court.

Plaintiff points to no manifest errors of law or fact made by the Court in its dismissal order. Further, Plaintiff's motion fails to point to any mistake, fraud, or other reason justifying reconsideration of the Court's judgment. There are no exceptional circumstances here that justify extraordinary relief. The Court will not reconsider merits arguments that were previously considered and dismissed. The Court declines to provide Plaintiff with relief from final judgment in this matter. Plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Objection to Judges Order [-] Claimant Requires this Court to take Judicial Notice and for Clarification in Order(s)" [ECF No. 11] is **DENIED** in all respects.

Dated this 8th day of December, 2021.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**